SIXTH DIVISION
May 2, 2008

No. 1-06-3604


| | | |
|---|---|---|
| FARMERS AUTOMOBILE INSURANCE ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Cook County. |
|     Plaintiff-Appellant, | ) ) | |
|     v. | ) ) | No. 02 CH 14288 |
| STEPHEN WROBLEWSKI and GLORIA WROBLEWSKI, | ) ) ) | Honorable Peter Flynn, |
|     Defendants-Appellees. | ) | Judge Presiding. |


JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff Farmers Automobile Insurance Association (Farmers) filed a declaratory judgment action against its insureds Stephen and Gloria Wroblewski (Wroblewski),[1] seeking a judgment that Farmers was not obligated to provide uninsured motorist coverage to Wroblewski in connection with a traffic accident involving Wroblewski and Sharon Drolet, who was an uninsured motorist. On appeal, Farmers challenges (1) the circuit court's finding that Wroblewski's settlement with Drolet's employer, which expressly released from liability the employer's "agents" and "employees," did not release Wroblewski's claims against Drolet; (2) and the

---

[1]According to defense counsel, Stephen Wroblewski died during the pendency of the underlying action and this appeal is brought solely on behalf of Gloria Wroblewski, who was Stephen's wife.

1-06-3604

court's finding that Wroblewski's settlement with Drolet's employer for $1.25 million should be offset against Wroblewski's total damages ($1.85 million). For the reasons that follow, we reverse the judgment of the circuit court and remand for entry of judgment in favor of Farmers.

BACKGROUND

A.  Wroblewski's Personal Injury Action (Case No. 98 L 3863)

Initially, in order to clarify the parties' respective arguments on appeal, we briefly recount certain uncontested facts contained in the parties' respective pleadings regarding a separate action initiated by Wroblewski in connection with an 1997 automobile accident.

On August 26, 1997, Wroblewski sustained serious physical injuries after the vehicle that she was driving was involved in a collision with a vehicle driven by Sherri Drolet, who died from injuries that she sustained in that collision. Thereafter, Wroblewski filed a personal injury action (No. 98 L 3863) against decedent Drolet's estate and Drolet's employer, namely, Walgreen Company (hereinafter Walgreens[2]) under the theory of *respondeat superior.*

Ultimately, Wroblewski settled her claims against Walgreens

---

[2]Walgreen Company is referred to in the record by Walgreen(s) Company and Walgreen(s). For purposes of clarity, we will refer to that corporate entity as Walgreens.

for $1.25 million and settled her claims against Drolet's estate for $10,000.

In regard to the Walgreens settlement, Wroblewski executed a release of liability against Walgreens in exchange for a payment of $1.25 million. That release, in relevant part, released Walgreens and its "agents" and "employees" from any and all liability arising out of the accident between Wroblewski and Drolet.

In regard to the settlement with Drolet's estate, Wroblewski executed a release of claims against Drolet's estate and Drolet's insurer, namely, Gallant Insurance Company, in exchange for a payment of $10,000.

In March 2002, as a result of the settlements, the circuit court dismissed Wroblewski's action against both Walgreens and Drolet's estate. According to the parties, Walgreens paid Wroblewski $1.25 million pursuant to the terms of the settlement with Wroblewski.

However, as represented by the parties, Gallant Insurance Company (Drolet's insurer) became insolvent at some point subsequent to the settlement and did not pay Wroblewski $10,000 on behalf of Drolet. Following this failure to pay, Wroblewski filed a claim with Farmers seeking uninsured motorist coverage.

B. Farmers Files Declaratory Judgment Action

1-06-3604

(Case No. 02 CH 14288)

In August 2002, Farmers filed a complaint seeking a declaratory judgment that Wroblewski was not entitled to uninsured motorist coverage, which is the action that forms the subject of this appeal. Farmers attached to its complaint a copy of Wroblewski's insurance policy, which provided uninsured motorist coverage up to $100,000 and defined an uninsured motorist as a motorist whose insurer "is or becomes insolvent."

In pertinent part, Farmers argued in its complaint that the limit of liability clause in Wroblewski's policy entitled Farmers to offset the policy's limit ($100,000) for uninsured motorist coverage against the proceeds Wroblewski had previously obtained from her Walgreens settlement ($1.25 million). Farmers also noted that Wroblewski had signed a release in connection with the Walgreens settlement, which released Walgreens and "all other persons, firms, and corporations" from any claims arising from the vehicle collision with Drolet.

In October 2002, Wroblewski answered Farmers' complaint for declaratory judgment, arguing that Farmers had wrongfully denied her claim for uninsured motorist coverage. In regard to the release in the Walgreens settlement, Wroblewski admitted that she had executed a release in favor of Walgreens, but denied that Farmers had accurately detailed the terms and conditions of that

4

1-06-3604

release.

In December 2002, Farmers filed a motion for judgment on the pleadings, which the circuit court converted to a motion for summary judgment.

In April 2003, the circuit court denied Farmers' motion for summary judgment without prejudice.

In July 2003, Wroblewski filed a motion to dismiss Farmers' action based on lack of ripeness or, alternatively, for an order compelling arbitration. In relevant part, Wroblewski noted that her actual damages had never been adjudicated through trial or arbitration because her action against decedent Drolet's estate remained pending.[3] In regard to the Walgreens settlement and release, Wroblewski argued that it was "nonsensical" to hold that the Walgreens settlement extinguished any liability for uninsured motorist coverage with respect to Drolet's estate because the action against Drolet's estate remained pending and Illinois law did not hold that a settlement with an employer extinguishes the employee's liability.

In August 2003, Farmers filed a combined response to Wroblewski's motion to dismiss and a renewed motion for summary

---

[3] On March 10, 2003, in response to a motion by Wroblewski, the circuit court vacated its previous dismissal order as to Drolet's estate and reinstated Wroblewski's personal injury action solely against Drolet's estate (Case No. 48 L 3863).

5

judgment. In its motion to dismiss, Farmers again noted that Wroblewski had signed a release in the Walgreens settlement that had released Walgreens and its "agents" and "employees." Further, in relevant part, Farmers argued that Wroblewski was not entitled to uninsured motorist coverage because Wroblewski had already received $1.25 million from Walgreens "on behalf of Drolet." According to Farmers, a calculation of Wroblewski's total damages was unnecessary because Farmers was entitled to setoff the $100,000 limit for uninsured motorist coverage against the $1.25 million Wroblewski received from the Walgreens settlement.

In October 2003, the circuit court (1) denied without prejudice Wroblewski's motion for dismissal or order compelling arbitration without prejudice and (2) denied without prejudice Farmers' motion for summary judgment.

In December 2003, Wroblewski filed a renewed motion to dismiss for lack of ripeness. In that pleading, Wroblewski explained that the trial court had previously denied her first motion to dismiss because it was "unclear" as to whether the release in the Walgreen settlement also released Drolet's estate from liability. Wroblewski further explained that the court had instructed the parties that it would reconsider the issue of the Walgreens release "in light of the case law presented by the

parties on the issue of whether extrinsic evidence could be considered by the court in determining the intent of the parties in executing the Walgreens [r]elease."

In relevant part, Wroblewski argued that a determination of the scope of the Walgreens release was controlled by the parties' intentions and that those intentions should be "discerned from the release's express language as well as the circumstances surrounding the agreement," citing this court's decision in Doctor's Associates, Inc. v. Duree, 319 Ill. App. 3d 1032 (2001).

Wroblewski attached to her pleading an affidavit from Sheldon Brenner, who was the attorney that represented Wroblewski in the settlement with Walgreens. Wroblewski also attached an affidavit from Tom Andrews, who was the attorney that represented Walgreens in that settlement. In those affidavits, both Brenner and Andrews attested that the intention of the parties was to release only Walgreens from any liability and not to release Drolet's estate. Wroblewski further noted that a separate settlement was reached with Drolet, which also evidenced an intention by the parties that the Walgreens settlement did not release Drolet.

On January 7, 2004, Farmers filed a combined response to Wroblewski's motion to dismiss and a renewed motion for summary judgment. In that pleading, Farmers reasserted its claim that

Wroblewski was not entitled to uninsured motorist coverage because Wroblewski had already been fully compensated as a result of the Walgreens settlement. In regard to the Walgreens release, Farmers maintained that Wroblewski could not rely upon parol evidence, namely, the affidavits of Brenner and Andrews, because the Walgreens release was "comprehensive, precise, and unambiguous." According to Farmers, the Walgreens release constituted a release by Wroblewski from all claims of liability against Walgreens and its agents and employees, which is a class that included Drolet, who was an employee of Walgreens.

On January 12, 2004, Wroblewski responded to Farmers' renewed motion for summary judgment, repeating her prior assertion that the controversy was not ripe for adjudication until her total damages had been calculated and her lawsuit against Drolet's estate remained pending.

In regard to the impact of the Walgreens release, Wroblewski maintained that "no Illinois case holds that a settlement with the employer extinguishes the employee's direct liability." Wroblewski also noted that she entered into a separate settlement with Drolet's estate and that her separate action against Drolet's estate remained pending. Wroblewski further maintained that the Walgreens release contained "boilerplate language" that "cannot reasonably be construed to have released [Wroblewski's]

claims against the Estate of Drolet."  Wroblewski argued that the Walgreens release did not specifically identify Drolet by name, and that a release which contained language releasing both a named party "and all other persons" did not operate to release other tortfeasors who are not specifically identified in the release, citing Alsup v. Firestone Tire & Rubber Co., 101 Ill. 2d 196, 200-02 (1984).

On January 22, 2004, the circuit court entered an order referencing Wroblewski's renewed motion to dismiss and Farmers' cross-motion for summary judgment, but did not enter a ruling on either motion.  Instead, the court (1) found that the Walgreens release executed by Wroblewski did not release Wroblewski's claims against Drolet's estate or the uninsured motorist claim against Farmers "under the circumstances presented"; (2) further found that an adjudication of Wroblewski's damages through trial or arbitration was required before the court could determine whether and to what extent those damages exceed the amount of the Walgreens settlement and whether uninsured motorist coverage was available under Wroblewski's Farmers policy; and (3) continued the case for a determination of whether Wroblewski's damages should be adjudicated through trial or arbitration, "to be discussed by the parties."

On January 26, 2004, Farmers filed a motion for a Supreme

Court Rule 304(a) (210 Ill. 2d R. 304(a)) finding that there was no just reason to delay an appeal of the court's January 22, 2004, order. Also on January 26, 2004, Farmers filed a motion to stay further proceedings pursuant to Supreme Court Rule 305(b) (210 Ill. 2d R. 305(b)).

On January 29, 2004, the circuit court denied Farmers' motion seeking a Rule 304(a) finding and denied Farmers' motion seeking a stay pursuant to Rule 305(b). Also in that order, the court directed Wroblewski to file a motion requesting arbitration.

On March 3, 2004, the circuit court entered an order establishing a filing scheduling to permit Farmers to file a motion for Rule 308 certification for interlocutory appeal (210 Ill. 2d R. 308). In addition, that order also set a status hearing for the scheduling of arbitration and noted, in relevant part, that the "parties agree to arbitration."

On March 10, 2004, Farmers filed a motion to certify a question for interlocutory appeal under Supreme Court Rule 308, arguing that such review was warranted to determine whether the release executed in favor of vicariously liable Walgreen also released Drolet and whether consideration of parol evidence to determine that issue was permissible.

On March 12, 2004, Wroblewski filed a response to Farmers'

motion seeking Rule 308 certification, arguing that Farmers' request should be denied because Farmers did not raise a question of law and that such certification would delay the resolution of the controversy. Wroblewski also observed that Farmers had agreed on March 3, 2004, to submit Wroblewski's damages claim to arbitration.

On March 24, 2004, the circuit court denied Farmers' motion seeking Rule 308 certification. Subsequently, as represented by the parties, Wroblewski and Farmers proceeded to arbitration on the issue of Wroblewski's total damages in connection with the accident.

Following arbitration in October 2006, an arbitration panel found in favor of Wroblewski and assessed damages totaling $1,850,000. The panel further found that the damages were subject to all the terms of the uninsured motorist provision of Wroblewski's insurance policy.

On November 28, 2006, the circuit court entered an order confirming the arbitration award and entered judgment in favor of Wroblewski and against Farmers in the amount of $100,000, which represented the maximum amount of uninsured motorist coverage available to Wroblewski under her Farmers' insurance policy.

On December 13, 2006, Farmers appealed from the circuit court's November 28, 2006, order and the court's January 22,

11

1-06-3604

2004, order.

ANALYSIS

On appeal, Farmers challenges (1) the circuit court's January 22, 2004, order finding that the Walgreens release, which released from liability Walgreen's agents and employees, did not release Wroblewski's claims against Drolet, who was an employee of Walgreens; and (2) the court's November 28, 2006, order finding that Wroblewski's $1.25 million settlement should be offset against Wroblewski's total damages, as opposed to a complete offset against the $100,000 limit for uninsured motorist coverage under her Farmers insurance policy.

A.   Waiver

As a preliminary matter, we must address Wroblewski's contention that Farmers has "waived all claims of error in this appeal."  Specifically, Wroblewski asserts that (1) Farmers cannot obtain review of the circuit court's January 22, 2004, order because that order was a nonappealable interlocutory order; (2) Farmers failed to "object" to the entry of the court's November 28, 2006, order which Wroblewski characterizes as the "only final and appealable order in this case"; and (3) Farmers agreed to arbitration and abandoned its motion for summary judgment by not renewing it or requesting a ruling on it after the arbitration award was entered in Wroblewski's favor.  After

12

carefully reviewing the record, we disagree.

First, the law is settled that an appeal from a final judgment permits review of all preceding nonfinal orders that produced that final judgment. See, e.g., Pekin Insurance Co. v. Pulte Home Corp., 344 Ill. App. 3d 64, 67-68 (2003). Here, the record establishes that the circuit court's nonfinal order on January 22, 2004, produced the court's final November 28, 2006, order. Thus, our review on appeal includes both the circuit court's nonfinal January 22, 2004, and the court's final November 28, 2006, order.

Second, waiver is comprised of a litigant's intentional relinquishment of a known right and it stems from a consensual and affirmative act by that litigant. Home Insurance Co. v. Cincinnati Insurance Co., 213 Ill. 2d 307, 326 (2004). Here, the record demonstrates that Farmers did not commit any act that can reasonably be construed as a relinquishment by Farmers of its argument that Wroblewski was not entitled to uninsured motorist coverage or that the Walgreens release effectively released Wroblewski's claims against Drolet. Instead, Farmers consistently maintained its respective positions before the circuit court. Notably, before the circuit court, Farmers unsuccessfully requested a Rule 304(a) finding of the court's January 22, 2004, order in order to appeal that decision to this

13

court and, also unsuccessfully, sought Rule 308 certification to this court for determination of the issue of whether the Walgreens release constituted a release of Wroblewski's claims against Drolet's estate.

Third, to the extent that Wroblewski challenges Farmers agreement to arbitration and failure to object to the entry of the circuit court's November 28, 2006, order, our supreme court has explained that a formal objection is unnecessary "when it is apparent that objection would be futile." People ex rel. Klaeren v. Village of Lisle, 202 Ill. 2d 164, 178 (2002). Based on our review of the record, it is apparent that any objection by Farmers to arbitration or the entry of the November 28, 2006, order would have been futile, especially where the circuit court had essentially rejected all of Farmers' pertinent arguments prior to arbitration and the entry of the November 28, 2006, order.

Accordingly, we reject Wroblewski's argument that Farmers has waived its claims of error in this appeal arising from the court's orders on January 22, 2004, and November 28, 2006. We now address the merits of those claims.

### B. Walgreens Release

We first address Farmers' challenge to the circuit court's order on January 22, 2004, which found that the Walgreens

14

release, wherein Wroblewski expressly released Walgreen's "agents" and "employees," did not operate to release Wroblewski's claims against Drolet, who was an employee of Walgreens. Specifically, Farmers contends that (1) the Walgreens release was unambiguous on its face and that consideration of parol evidence regarding the parties' intentions was impermissible and (2) the reference in the Walgreens release to Walgreens' "agents" and "employees" was sufficiently specific to release Drolet from any liability because Drolet was an employee of Walgreens.

A release is a contract and is therefore governed by contract law. Farm Credit Bank v. Whitlock, 144 Ill. 2d 440, 447 (1991). We review *de novo* questions of law involving the construction or interpretation of a contract. Dowling v. Chicago Options Associates, Inc., 226 Ill. 2d 277, 285 (2007).

The cardinal rule of contract interpretation is to give effect to the intent of the parties. Gallagher v. Lenart, 226 Ill. 2d 208, 232 (2007). When determining the intentions of the parties, a reviewing court should first consider the plain and ordinary meaning of the contractual language, which is the best indication of the parties' intentions. Gallagher, 226 Ill. 2d at 233. In addition, it is important to construe a contract as a whole and view each part in light of the others. Gallagher, 226 Ill. 2d at 233.

15

1-06-3604

Where the terms of a contractual release are clear and explicit, a reviewing court must enforce them as written. <u>Fuller Family Holdings, LLC v. Northern Trust Co.</u>, 371 Ill. App. 3d 605, 614 (2007), citing <u>Rakowski v. Lucente</u>, 104 Ill. 2d 317, 323 (1984). Under the "parol evidence rule," extrinsic evidence is inadmissible to vary or modify the unambiguous provisions of a written contract. <u>Evans v. Lima Lima Flight Team, Inc.</u>, 373 Ill. App. 3d 407, 413 (2007).

Our supreme court, in discussing section 2(c) of the Uniform Contribution Among Tortfeasors Act, has concluded that in order for a general release to release the liability of joint tortfeasors who did not bargain for that release, those remaining tortfeasors must be specifically identified in the release. <u>Alsup v. Firestone Tire & Rubber Co.</u>, 101 Ill. 2d 196, 200-02 (1984), citing Uniform Contribution Among Tortfeasors Act, 12 U.L.A. 57, 59-62 (1975). Subsequently, this court has interpreted <u>Alsup</u> and found that its requirement of specific identification can be satisfied by the designation of a class of persons. <u>Polsky v. BDO Seidman</u>, 293 Ill. App. 3d 414, 422 (1997) (concluding that the class designation "agents" satisfies <u>Alsup</u> and releases individuals who belong to that class). See also <u>Cummings v. Beaton & Associates, Inc.</u>, 249 Ill. App. 3d 287, 323 (1992) (concluding that "<u>Alsup</u> permits identification [of joint

16

1-06-3604

tortfeasors] by means other than actual naming (such as designation by class of persons)"); <u>Christmas v. Hughes</u>, 187 Ill. App. 3d 453, 456-57 (1989) (unnamed employee of cab company properly released under a covenant not to sue the cab company or "any of its agents, servants, or employees").

In the case *sub judice*, the release at issue provided, in pertinent part, as follows:

> "Gloria and Stephen Wroblewski *** for the sole consideration of one million two hundred and fifty thousand dollars *** hereby forever release, acquit, discharge, and covenant to hold harmless Walgreen Co. and its *** agents, employees *** from any and all accounts[,] actions, causes of action, claims, debts, demands, damages, liens, costs, suits, loss of services, expenses and compensation, of whatsoever kind of nature, in law or in equity, arising from, or in any way growing out of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences therefore, resulting or to result from a certain incident, which

occurred on or about the 26th day of August, 1997, and which is more specifically described in the lawsuit *** entitled <u>Gloria and Stephen Wroblewski v. Victoria Reidl, as Special Administrator of Sherri Drolet, Deceased, Individually [*sic*] Agent or Employee of Walgreen Co.</u> ***, for which we, Gloria and Stephen Wroblewski have claimed the said Walgreen Co. to be legally liable, which liability is expressly denied."

The terms contained in this release clearly and explicitly release Walgreens and its "agents" and "employees" from any and all claims of liability advanced by Wroblewski in connection with the underlying traffic accident between Wroblewski and Drolet.

Notably, in the context of the facts of this case, the terms "agents" and "employees" are classes that sufficiently identify Drolet because she is a member of those classes. See, <u>e.g.</u>, <u>Polsky</u>, 293 Ill. App. 3d at 422. Furthermore, the language of the release expressly refers to Drolet by name and identifies her as an agent or employee of Walgreens in its reference to the underlying litigation. Specifically, in pertinent part, the language of the release refers to the August 26, 1997, "incident" and explains that the incident "is more specifically described in

the lawsuit *** entitled *** <u>Wroblewski v. Victoria Reidl, as
Special Administrator of *Sherri Drolet*, Deceased, Individually
[sic] *Agent or Employee of Walgreen Co.*</u>" (Emphasis added.)

After construing the plain and ordinary meaning of these
unambiguous terms as a whole, we conclude that Wroblewski
effectively released any and all of her claims against Drolet by
executing the release with Walgreens and its agents and employees
in exchange for $1.25 million. Consequently, we find that the
circuit court erred when it reached the opposite conclusion.

Wroblewski's reliance on our decision in <u>Doctor's
Associates, Inc. v. Duree</u>, 319 Ill. App. 3d 1032 (2001), does not
alter our conclusion because of the particular factual
circumstances presented in that case. We note that Wroblewski
also relied on <u>Duree</u> as support for her position before the
circuit court.

In particular, in <u>Duree</u>, the plaintiff received an award of
sanctions from a Kansas court against the defendant, who was an
attorney and represented individuals that the plaintiff had sued
in Kansas. <u>Duree</u>, 319 Ill. App. 3d at 1037-39. The plaintiff
then sought and received an order from an Illinois court
enforcing that Kansas award as an Illinois judgment. <u>Duree</u>, 319
Ill. App. 3d at 1039. On appeal from enforcement of the Kansas
award as an Illinois judgment, the defendant argued, *inter alia*,

that a release executed by the plaintiff and a third party in an unrelated matter operated to release the defendant from the Kansas judgment because that release included the third party's "attorneys" and the defendant claimed that he was the third party's attorney in that unrelated matter. Duree, 319 Ill. App. 3d at 1044.

The Duree court rejected the defendant's arguments and noted that the intention of the parties controlled the scope and effect of the release and that the parties' intentions could be discerned from the language of the release and the "circumstances surrounding the agreement." Duree, 319 Ill. App. 3d at 1045. In reaching that conclusion, the Duree court found that (1) the record contained no evidence that the defendant was the attorney for the third party; (2) the release did not identify the defendant by name and was limited to the individuals "expressly set forth"; (3) the language of the agreement clearly and unambiguously was limited to resolving the matters between the plaintiff and the third party; (4) and there was nothing in the record to suggest that the third party was even aware of the Kansas judgment when it executed the release with the plaintiff. Duree, 319 Ill. App. 3d at 1044-46.

Here, Drolet is an undisputed employee of Walgreens and is specifically referred to as such in the language of the Walgreens

release.  However, in <u>Duree</u>, in stark contrast to this case, it was not clear whether the attorney was the attorney of the third party and the attorney was not identified by name in the release. Moreover, again unlike this case, in <u>Duree</u>, this court had to consider the impact of a foreign judgment.  Based on these distinctions, we conclude that <u>Duree</u> is not dispositive of the controversy in this case.

Essentially, Wroblewski urges this court to focus on parol evidence and conclude that the parties did not intend for the Walgreens release to release her claims against Drolet's estate. Wroblewski characterizes the language in the release as "boilerplate," but does not argue that the language is in any way ambiguous.  In fact, Wroblewski fails to respond to Farmers' contention that the language of the Walgreens release was clear and unambiguous.

Most significantly, Wroblewski's <u>entire</u> argument regarding the parties' intentions in the Walgreens release is based on parol evidence, as opposed to the language of the contract. Specifically, Wroblewski relies exclusively upon (1) the affidavits from her attorney and Walgreens' attorney, who both attested that the parties did not intend the Walgreens release to release her claims against Drolet; and (2) a separate action wherein the circuit court reinstated Wroblewski's action against

21

1-06-3604

Drolet's estate.

However, because we have found that the language of the Walgreens release is unambiguous and Wroblewski fails to argue otherwise, we decline to consider the parol evidence upon which she relies to ascertain the parties' intentions. Evans, 373 Ill. App. 3d at 413 ("parol evidence rule" bars consideration of extrinsic evidence to modify the unambiguous provisions of a written contract). As our supreme court has explained:

> "'What the parties to a written contract may
> have understood as to the meaning of the
> language used is not admissible in evidence.
> The intention or understanding the parties,
> when there is a written contract in evidence,
> must be determined not from what the parties
> thought but from the language of the contract
> itself. [Citation.]'" Rakowski, 104 Ill. 2d
> at 323, quoting Saddler v. National Bank, 403
> Ill. 218, 228 (1949).

Thus, where we have found that the contractual terms in the Walgreens release are unambiguous, we are constrained to the language contained in that release itself and cannot consider the parol evidence advanced by Wroblewski.

C. Insurance Coverage under Wroblewski's

22

Farmers Insurance Policy

Because we have determined that Wroblewski released her claims against Drolet by operation of the Walgreens release, Wroblewski is not entitled to seek uninsured motorist coverage from Farmers on behalf of Drolet. Therefore, we do not address the coverage issue because it has been rendered moot by our interpretation of the Walgreens release. See In re Marriage of Michaelson, 359 Ill. App. 3d 706, 717 (2005) (generally, a court will not review moot issues, and an issue is moot if no actual controversy exists).

Furthermore, in accordance with our finding that the circuit court erred when it determined that Wroblewski was entitled to uninsured motorist coverage and submitted that coverage issue to arbitration, we necessarily conclude that the resulting arbitration award in Wroblewski's favor must be vacated because that award constitutes a gross error of law.

As this court has previously determined, while we cannot vacate an arbitration award based on errors in judgment or mistakes of fact or law, we have authority to vacate an arbitration award where, as occurred here, the arbitration award contains a gross error of law apparent on its face. Galasso v. KNS Cos., 364 Ill. App. 3d 124, 131 (2006). To vacate an award based on a gross error of law, a reviewing court must be able to

23

conclude from the face of the award that the arbitrators were so mistaken as to the law that, if apprised of the mistake, they would have ruled differently.  TruServ Corp. v. Ernst & Young LLP, 376 Ill. App. 3d 218, 224-25 (2007).  In the case *sub judice*, after reviewing the face of the arbitration award, we conclude that the arbitrators would have ruled differently had they properly been apprised that Wroblewski was not entitled to uninsured motorist coverage as a result of the Walgreens settlement and release.

### CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court and remand for entry of judgment in favor of Farmers that is consistent with this opinion.

Reversed and remanded.

JOSEPH GORDON and McNULTY JJ., concur.

.

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

| | |
|---|---|
| **TITLE of Case** | FARMERS AUTOMOBILE INSURANCE ASSOCIATION, Plaintiff-Appellant v. STEPHEN WROBLEWSKI and GLORIA WROBLWESKI, Defendants-Appellees. |
| **Docket No**. | 1-06-3604 |
| **COURT** | Appellate Court of Illinois First District, Sixth Division |
| **Opinion Filed** | MAY 2, 2008 |
| **JUSTICES** | JUSTICE O'MALLEY delivered the opinion of the court: JOSEPH GORDON and McNULTY JJ., concur. |
| **Appeal's Origination** | Appeal from the Circuit Court of Cook County. The Hon. Peter Flynn, Judge Presiding. |
| **Counsel for APPELLANT** | For Appellant, Robert Marc Chemers and David S. Osborne, Pretzel & Stouffer, Chartered, Chicago, Illinois. |
| **Counsel for APPELLEE** | For Appellee, Stephen A. Kolodziej, Scott R. Britton, and Sheldon A. Brenner, Brenner, Ford, Monroe & Scott, Ltd., Chicago, Illinois. |