# Illinois Official Reports

## Appellate Court

---

### *Glover v. Fitch*, 2015 IL App (1st) 130827

---

| | |
|---|---|
| Appellate Court Caption | TIFFANY L. GLOVER, by National Heritage Insurance Company, Plaintiff-Appellant, v. BEVERLY FITCH, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-13-0827 |
| Filed | June 24, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-M1-13422; the Hon. James Snyder, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Shelist Law Firm, LLC, of Chicago (Samuel A. Shelist, of counsel), for appellant.<br><br>Fabrizio, Hanson, Peyla & Kawinski, P.C., of Joliet (Jamie Shimer, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE PUCINSKI delivered the judgment of the court, with opinion.<br>Justices Hyman and Mason concurred in the judgment and opinion. |

# OPINION

¶ 1    This case arises from an automobile collision in which Tiffany Glover suffered personal injuries and Glover's insurer, plaintiff National Heritage Insurance Company (National Heritage), suffered $7,224 in damages. National Heritage brought this subrogation action as the subrogee of Glover against defendant, Beverly Fitch, who was allegedly negligent in causing the collision. The case was assigned to arbitration and the arbitration trial date occurred with defendant and defendant's counsel's failing to appear. An arbitration award was entered in favor of National Heritage. Defendant filed a motion to reject or vacate the arbitration award, arguing that defense counsel never received notice of the arbitration hearing date. The circuit court granted defendant's motion and the case proceeded to trial, whereupon a jury trial was held and resulted in a verdict for defendant. Plaintiff appealed, arguing that the arbitration award should not have been vacated due to alleged lack of postcard notice to defense counsel because counsel has an affirmative duty to follow his own case and knew that the case had been assigned to arbitration. Defendant argued that we lack jurisdiction of the appeal because plaintiff did not seek Illinois Supreme Court Rule 304(a) language (Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)) to permit an earlier appeal from the order vacating the arbitration award and that, in the alternative, the court did not abuse its discretion in vacating the arbitration award where defense counsel was not sent notice of the arbitration date.

¶ 2    Regarding jurisdiction, we hold that parties are not required to appeal an interlocutory order within 30 days of entry of that order but may instead choose to appeal upon a final judgment in the case. Parties may, of course, seek the inclusion of Illinois Supreme Court Rule 304(a) language (Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)) in an interlocutory order to be able to immediately appeal that order, but they are not required to do so and may, instead, wait until entry of a final judgment.

¶ 3    As to the merits of the case, we hold that the court did not abuse its discretion in vacating the arbitration award. Although the circuit court relied on the fact that defense counsel did not receive postcard notice of the hearing date because of the circuit court clerk's delay in properly entering his appearance, we caution that attorneys still have a duty to keep track of their cases on the docket. In this case defense counsel apparently did not inquire as to the date of the arbitration hearing, though he knew the case was on the arbitration calendar. Given our deferential standard of review, however, we cannot say that the circuit court abused its discretion in vacating the default judgment based on the failure to send notice of the hearing date to defense counsel. While the circuit court focused on the error by the clerk's office in entering defense counsel's appearance, we hold that the arbitration center's failure to provide the required notice pursuant to Illinois Supreme Court Rule 88 (eff. June 1, 1987) and the arbitration panel's failure to inquire whether all parties received due notice pursuant to Illinois Supreme Court Rule 91(a) (eff. June 1, 1993) also support the circuit court's determination to vacate the arbitration default judgment.

## BACKGROUND

¶ 5    On February 4, 2011, defendant Beverly Fitch was allegedly negligent in an automobile collision with Tiffany L. Glover. Glover suffered personal injuries as well as property damage. Glover's insurer, National Heritage, paid Glover damages and brought this action on May 11, 2011 against Fitch as Glover's subrogee to recover the damages it paid.

¶ 6    On August 31, 2011, Fitch's counsel filed his appearance, jury demand, and answer. The case was transferred to assignment to arbitration on November 10, 2011. A discovery closure date was entered on November 10, 2011.

¶ 7    On December 11, 2011, plaintiff filed and mailed out an Illinois Supreme Court Rule 90 (eff. July 1, 2008) and Rule 237 (eff. July 1, 2005) package for arbitration to Fitch's counsel. The Rule 90 and Rule 237 package did not include or reference the arbitration hearing date.

¶ 8    On January 13, 2012, Fitch's counsel filed a motion to continue the arbitration, to reopen discovery, and to consolidate. The motion was noticed for January 25, 2012. On that date, the motion to continue arbitration was granted and the matter was reset for arbitration on March 27, 2012. On February 21, 2012, plaintiff filed a motion to continue the March 27, 2012 arbitration date and to amend the complaint to include personal injuries.

¶ 9    Plaintiff was granted leave to file an amended complaint and filed an amended complaint on March 14, 2012, which added a count for subrogation and a count for personal injuries. The discovery closure date was continued to May 1, 2012. The March 27, 2012 arbitration hearing date was stricken upon plaintiff's motion and a new arbitration hearing date was not set at that time.

¶ 10   On April 13, 2012, an arbitration notice setting the arbitration date for June 27, 2012 was sent to plaintiff's counsel, but defense counsel was not sent postcard notice of the arbitration hearing date.

¶ 11   On May 9, 2012, defendant answered plaintiff's amended complaint, admitting to the collision but denying negligence. Plaintiff then filed a second Rule 90 and Rule 237 package, including medical bills of $6,301.27 and a payoff of Glover's automobile loan, for the total amount of $12,770.97.

¶ 12   On June 14, 2012, defense counsel filed a motion to consolidate this case with an action filed by State Farm, defendant's insurer, related to the same automobile collision. Defense counsel renoticed the same motion to consolidate on July 18, 2012.

¶ 13   Defendant and defense counsel both failed to appear on the June 27, 2012 arbitration date. An arbitration award was entered in favor of Glover and plaintiff National Heritage for $8,142.52 for property damage and $7,774 for personal injuries damages. The arbitration award noted that both defendant and her counsel were "not present."

¶ 14   Defendant renoticed the motion to consolidate on July 26, 2012.

¶ 15   Defendant filed a rejection of the arbitration award on July 27, 2012, and moved to vacate the arbitration award, arguing that notice of the arbitration hearing date was not received via postcard notice. Plaintiff National Heritage and Glover filed a motion to debar defendant's rejection of the award and, in the alternative, to bar testimony from defendant Fitch as a sanction.

¶ 16   At the hearing on defendant's motion to vacate the arbitration award, defense counsel explained that he attempted three times to present a motion to consolidate the cases but was in the wrong room or at the wrong time or did not show up on the dates of presentment each time for the motion. The court indicated that it asked the court clerk to look up the computer record and the record reflected that defense counsel's appearance was not entered by the circuit court on the date that counsel's appearance was filed. Rather, defense counsel's appearance was entered into the clerk's records on January 4, 2012 but reflected the filing date of August 31, 2011. The court stated that it found that this was the record in this case. The court then stated:

"[Counsel's] frustration is well-taken, as is mine. I've been working in some detail, as has [another judge], with the clerk of the circuit court to get the clerk of the circuit court to record appearances and other documents filed for the record. In most cases, it doesn't matter. *** But, here, we have the situation where the arb[itration] center has to send out the notice. The arb[itration] center did not have that appearance. They did file it; it was filed properly; it wasn't recorded by the clerk. It was recorded by the clerk once after the fact, perhaps, because of some of the work that I'm trying to do to encourage the clerk to perform these fundamental aspects of the job of the Circuit Court of Cook County ***.

The Motion to vacate the arb[itration] award is granted."

¶ 17    The court entered an order granting the motion to vacate the award on September 26, 2012. This order did not contain Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) language.

¶ 18    Plaintiff moved to reconsider, but the trial court entered an order denying plaintiff's motion to reconsider on December 17, 2012. This order also did not contain Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) language.

¶ 19    The case was transferred for a jury trial status. On December 11, 2012, the presiding municipal judge indicated the matter was not to be rearbitrated.

¶ 20    A jury trial took place on February 23, 2013, on Glover and National Heritage's claims only, and not on the State Farm claims in the separate pending action, as the cases were not consolidated. The verdict was for defendant. Plaintiff National Heritage and Glover appealed within 30 days of the verdict.

¶ 21                                  ANALYSIS

¶ 22    We first address defendant's argument that we lack jurisdiction of this appeal because plaintiff did not seek Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) language to permit an earlier appeal from either the order vacating the arbitration award or the order denying plaintiff's motion to reconsider the order granting the motion to vacate. Plaintiff does not cite any authority requiring a party to seek Rule 304(a) language and take an interlocutory appeal. The Uniform Arbitration Act provides that "[a]ppeals may be taken in the same manner, upon the same terms, and with like effect as in civil cases." 710 ILCS 5/18 (West 2012). Illinois Supreme Court Rule 303(a)(1) provides for appeals within 30 days of entry of a final judgment. Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008). "[T]he law is settled that an appeal from a final judgment permits review of all preceding nonfinal orders that produced that final judgment." *Farmers Automobile Insurance Ass'n v. Wroblewski*, 382 Ill. App. 3d 688, 695 (2008) (citing *Pekin Insurance Co. v. Pulte Home Corp.*, 344 Ill. App. 3d 64, 67-68 (2003)). If a party does not appeal an interlocutory arbitration order within 30 days, it may do so upon a final judgment. See, *e.g.*, *Anderson v. Financial Matters, Inc.*, 285 Ill. App. 3d 123, 135 (1996) (the failure to appeal the order compelling arbitration did not preclude review of that order when the final judgment was entered). We continue to address appeals from prior arbitration orders upon appeal after final judgment. See, *e.g.*, *Nelson v. Country Mutual Insurance Co.*, 2014 IL App (1st) 131036, ¶¶ 1, 8 (reviewing a prior order entered by the trial court vacating an arbitration award and granting summary judgment on appeal after final judgment was entered, where the plaintiff did not appeal the final judgment itself but the prior interlocutory arbitration order). Plaintiff filed this appeal within 30 days of the verdict. We have jurisdiction and proceed to address the appeal from the order vacating the arbitration award.

¶ 23    Turning to the merits of plaintiff's argument, plaintiff National Heritage argues that the arbitration award should not have been vacated due to alleged lack of postcard notice to defense counsel because counsel has an affirmative duty to follow his own case and knew that the case had been assigned to arbitration.

¶ 24    Under Supreme Court Rule 91, the failure of a party to attend a mandatory arbitration hearing constitutes a waiver of that party's right to reject the award and represents a consent to the entry of judgment by the circuit court in accordance with the award. Ill. S. Ct. R. 91 (eff. June 1, 1993). Rule 91(a) is mandatory, so that a party who fails to appear at an arbitration hearing either in person or through counsel is automatically barred from rejecting the arbitration award without further action by the circuit court. *Jackson v. Bailey*, 384 Ill. App. 3d 546, 548 (2008). The barred party's recourse is to file a motion to vacate as provided in Rule 91(a), and a party absent from an arbitration hearing has the burden of showing that his or her absence was reasonable or the result of extenuating circumstances. *Jackson*, 384 Ill. App. 3d at 549. The supreme court rules regarding mandatory arbitration should be read in conjunction with each other and in harmony with the rest of the law. *Jackson*, 384 Ill. App. 3d at 549. Illinois Supreme Court Rule 91(a) limits the circumstances under which a party failing to appear at an arbitration can file a motion to vacate the judgment under section 2-1301 or section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1301, 2-1401 (West 2012)) to circumstances "[w]here the failure to attend was inadvertent." Ill. S. Ct. R. 91, Committee Comments. See also *Jackson*, 384 Ill. App. 3d at 549.

¶ 25    We agree that attorneys have the duty to monitor their cases on the docket. Because attorneys have a duty to act with reasonable diligence in representing their clients' interests, including tracking cases and learning the date upon which a hearing is to occur, a party's lack of notice of the date of a hearing does not necessarily excuse the party's failure to appear at the hearing. *Jackson*, 384 Ill. App. 3d at 549. See also *Tiller v. Semonis*, 263 Ill. App. 3d 653, 657 (1994) (holding attorneys have a legal and ethical duty to act with reasonable diligence in representing their clients' interests, including tracking their cases and learning the date upon which a hearing is to occur).

¶ 26    Illinois Supreme Court Rule 91(a) provides that an arbitration hearing can proceed in a party's absence only where there has been "due notice":

> "The arbitration hearing shall proceed in the absence of any party who, *after due notice*, fails to be present. *** The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award. In the event the party who fails to be present thereafter moves, or files a petition to the court, to vacate the judgment as provided therefor under the provisions of the Code of Civil Procedure for the vacation of judgments by default, sections 2-1301 and 2-1401, the court, in its discretion, in addition to vacating the judgment, may order the matter for rehearing in arbitration, and may also impose the sanction of costs and fees as a condition for granting such relief." (Emphasis added.) Ill. S. Ct. R. 91(a) (eff. June 1, 1993) (noting 735 ILCS 5/2-1301, 2-1401).

¶ 27    An arbitration award issued without due notice is voidable. *Jordan v. Bangloria*, 2011 IL App (1st) 103506, ¶¶ 10-11; *Juszczyk v. Flores*, 334 Ill. App. 3d 122, 125-26 (2002). Illinois Supreme Court Rule 88 further provides that "[t]he procedure for fixing the date, time and place of a hearing before a panel of arbitrators shall be prescribed by circuit rule provided that

not less than 60 days' notice in writing shall be given to the parties or their attorneys of record." Ill. S. Ct. R. 88 (eff. June 1, 1987). Cook County Circuit Court Rule 1.1(a) (July 1, 1976) requires that, unless notice is excused, "[n]otice of all proceedings in an action shall be given to all parties who have appeared and have not been found by the Court to be in default." Illinois Supreme Court Rule 11 (eff. July 1, 2013) provides that "[i]f a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service shall be made upon the party." Reading Illinois Supreme Court Rule 88, Cook County Circuit Court Rule 1.1(a), and Illinois Supreme Court Rule 11 together, although notice is given to parties, after an attorney has filed an appearance for a party all notices should be sent to the attorney at his or her address of record. Ill. S. Ct. R. 88 (eff. June 1, 1987); Cook Co. Cir. Ct. R. 1.1(a) (July 1, 1976); Ill. S. Ct. R. 11(a) (eff. July 1, 2013). Here, defense counsel appeared but was not sent notice.

¶ 28    National Heritage also argues that "[d]efendant's counsel conspicuously fails to present a[n] affidavit that Fitch herself did not receive the 'card' setting the date; he only submits an Affidavit that his office did not receive the 'card.' " On appeal, defendant states that neither defendant nor defense counsel received postcard notice. National Heritage makes no response to this assertion and does not claim that defendant ever received any postcard notice, thus apparently conceding this fact. Even if defendant had received postcard notice, it would not change the result in this case because by the time the arbitration hearing date was set, the clerk's electronic docket did show the appearance of counsel and so counsel should have received postcard notice. Defense counsel's appearance was entered into the clerk's records on January 4, 2012; the hearing date was set for June 27, 2012.

¶ 29    While we reaffirm that counsel has the duty to follow his or her own cases and note that this court has affirmed *denials* of motions to vacate arbitration awards due to alleged lack of postcard notice (see *Jackson*, 384 Ill. App. 3d at 549-50; *Tiller*, 263 Ill. App. 3d at 657), the fact remains that we review determinations whether to vacate an arbitration award due to failure to receive notice under the relatively low abuse of discretion standard. The decision to grant or deny a motion to vacate under section 2-1301 is within the sound discretion of the trial court and thus will not be reversed absent an abuse of discretion or a denial of substantial justice. *Jackson*, 384 Ill. App. 3d at 548. We may find an abuse of discretion only where no reasonable person would take the position adopted by the trial court; that is, where the trial court acted arbitrarily or ignored recognized principles of law. *Somers v. Quinn*, 373 Ill. App. 3d 87, 95-96 (2007).

¶ 30    Here, the court exercised its discretion to *grant* the motion to vacate. Plaintiff National Heritage and Glover merely repeat the same arguments. "A lawyer's claim of lack of postcard notice is ultimately rooted in credibility and the trial court's assessment of it." *Tiller*, 263 Ill. App. 3d at 657. Defense counsel made the same argument below in its motion to debar and its motion to reconsider.

¶ 31    The circuit court acknowledged the well-recognized principle that attorneys have the responsibility to monitor their cases but found that defense counsel was not provided the required notice of the hearing date. Notice of an arbitration hearing date is also required under the law. We cannot find that no reasonable person would take this position.

¶ 32    While the court specifically based its decision to grant the motion to vacate the arbitration award on the fact that there had been problems with the issuance of arbitration notices due to the clerk's office's failure to timely record attorney appearances, we further note the glaring

omission by the arbitration center and the arbitration panel in inquiring as to whether defense counsel was given "due notice" pursuant to Supreme Court Rule 91 prior to proceeding with the arbitration hearing and then entering a default judgment. Supreme Court Rule 91 allows for an arbitration hearing to proceed in the absence of a party only where there has been "due notice." The arbitration hearing should not have been allowed to proceed in the first place due to the lack of proper notice. Had the arbitration center or the arbitration panel properly inquired into whether defense counsel received notice of the hearing date, the default judgment and subsequent litigation regarding the motion to vacate the default judgment, including this appeal, could have been avoided.

¶ 33    We caution that attorneys are still under a duty to monitor their cases and a failure to receive notice is not an excuse to vacate a default judgment in every case. But here plaintiff has not shown how the court abused its discretion. We therefore are bound to affirm.

¶ 34                                                    CONCLUSION

¶ 35    Regarding jurisdiction, we hold that parties are not required to appeal an interlocutory order within 30 days of entry of that order but may instead choose to appeal upon a final judgment.

¶ 36    As to the merits we hold that, while attorneys have a duty to keep track of their cases on the docket, the court did not abuse its discretion in vacating an arbitration award where defendant's counsel did not receive notice of the arbitration hearing date because the clerk's office did not timely enter counsel's appearance, and also where the arbitration center and arbitration panel did not inquire into whether there was "due notice" prior to proceeding with the arbitration hearing and entering a default judgment.

¶ 37    Affirmed.