2026 IL App (1st) 251823-U

FOURTH DIVISION
Order filed: April 30, 2026

No. 1-25-1823

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE HABITAT COMPANY, LLC as Agent for Long Grove House, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 25 M1 707275 |
| MICHELLE JAMES and UNKNOWN OCCUPANTS, | ) ) | |
| Defendants | ) ) | Honorable Krista D. Butler, |
| (Michelle James, Defendant-Appellant). | ) ) | Judge, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court's judgment entering an eviction order and granting possession of a leased apartment to the plaintiff is affirmed over defendant's contentions that (1) the circuit court failed to follow statutory procedures for setting a trial date; (2) her due process rights were violated when she did not receive notice of the trial date; and (3) the circuit court abused its discretion by denying her motion to vacate pursuant to section 12-1301(e) of the Code of Civil Procedure. Appellate court lacked jurisdiction over claim that circuit court erred by denying defendant's motion to stay enforcement of the judgment.

¶ 2     Defendant Michelle James, *pro se*, appeals from the order of circuit court of Cook County which, following a bench trial, entered judgment for Plaintiff The Habitat Company, LLC, as agent for Long Grove House ("Habitat Co.") on its eviction complaint. On appeal, James argues that (1) she did not receive notice of the trial date as required by statute and supreme court rule; (2) the lack of notice denied her due process under the Illinois and United States Constitutions; (3) the circuit court abused its discretion by denying her motion to vacate; and (4) the circuit court abused its discretion by denying her motion to stay enforcement of the judgment. For the following reasons, we affirm.

¶ 3     The record on appeal consists of one volume of the common law record and does not contain a report of proceedings or any substitute. The following facts are derived from that record.

¶ 4     On May 6, 2025, Habitat Co. filed a complaint for eviction against James and all unknown occupants. The complaint sought possession of an apartment on South Michigan Avenue where James resided. Attached to the complaint was a "lease termination notice" dated April 16, 2025, which stated that James's lease would be terminated on April 24, 2025 because a household member of James "assaulted and battered a female at the property and robbed her with a gun" on April 8, 2025. The complaint contained a certificate of service stating that the lease termination notice was delivered to James personally and sent by first-class mail on April 16. The complaint also attached a copy of James's lease. Habitat Co. filed an affidavit of service of the complaint, which averred that a special process server served James personally on May 10, 2025. Unknown occupants were served by substitute service on James the same day.

¶ 5     James obtained a fee waiver and appeared in court at the first court appearance on June 10, 2025. Thereafter, she filed an appearance *pro se* and multiple motions to dismiss the complaint,

arguing that (1) the lease termination notice was not attached to the complaint she received; (2) the complaint did not "provide any factual basis describing what lease provision was violated or when;" and (3) the complaint referenced "an absent lease termination notice." On August 1, James filed her last motion to dismiss and scheduled it for presentment on August 5, 2025 at 9:30 A.M.

¶ 6    The court held a hearing on August 5, 2025, but James failed to appear. The circuit court scheduled the case for an in-person trial on August 13, 2025 at 10:30 a.m. and ordered Habitat Co. to notify James. The next day, James filed a motion to "dismiss judgment" and asked the court to "vacate the judgment." James scheduled the motion for presentment on August 19, 2025.

¶ 7    The matter proceeded to trial on August 13, but James did not appear again. On that date, the circuit court held a trial with Habitat Co's witnesses and the minor victim present and then entered judgment against James and unknown occupants and in favor of Habitat Co. The order included a checked box stating that the order was entered "by default (Defendants not in court)" with a handwritten note adding "on trial date." The court granted Habitat Co. possession of the apartment and ordered James to move *instanter*. No money was sought in the complaint. The court also denied James's motion to dismiss.

¶ 8    On August 19, the circuit court denied James's motion to vacate the August 5 "judgment." On August 22, James filed a motion to vacate the judgment entered on August 13 pursuant to section 12-1301(e) of the Code of Civil Procedure. See 735 ILCS 5/12-1301(e) (West 2024). James argued that she did not receive notice of the trial date and asserted that "Plaintiff's exhibits and notice were delivered by letter dated August 7, 2025, but Defendant did not receive this information until after the scheduled trial date had already passed." James also asserted that she had "meritorious defenses" to the eviction, but did not state the substance of any such defense.

¶ 9    On September 9, 2025, the circuit court denied James's motion to vacate the August 13 judgment. The court also denied James's motion for substitution of judge for cause. On September 11, James filed a notice of appeal, appealing the court's eviction order of August 13 and its August 19 and September 9 orders.

¶ 10    The same day, James filed a motion to stay enforcement of the judgment while James pursued an appeal. The circuit court denied the motion on September 29, stating that "defendant is unable and unwilling to pay an appellate bond." James did not file an additional notice of appeal to include the circuit court's order on September 29. James also filed a "Renewed Motion to Stay Enforcement of Judgment pending appellate review" on September 29, which the court struck for lack of jurisdiction. James filed an emergency motion to stay the eviction order in this court, which was denied on October 10. She also filed an emergency motion for a supervisory order in our supreme court, which was denied on November 6.

¶ 11    On appeal, James argues that (1) she did not receive proper notice of the August 13 trial date as required by statute and supreme court rule; (2) the lack of notice violated her right to due process under the Illinois and United States Constitutions; (3) the circuit court abused its discretion by denying her motion to vacate the judgment entered after trial; and (4) the circuit court abused its discretion by conditioning a stay "on an excessive bond unsupported by the record." Counsel for Habitat Co. filed an appearance before this court, but did not file an appellee's brief. As a result, we took this case on James's brief only. See *First Capital Mortgage Corp. v. Talandis Const. Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may decide case with only an appellant's brief "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief.").

¶ 12     We first address the scope of our jurisdiction. James's notice of appeal was filed on September 11, 2025 and listed the circuit court's orders entered on August 13, August 19, and September 9. James did not file an amended or additional notice of appeal after the court's September 29 order denying her motion to stay enforcement of the judgment. Therefore, we do not have jurisdiction to address James's argument regarding the denial of her motion to stay. See *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) ("A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal.").

¶ 13     Before addressing the merits of this appeal, we also address the state of the record. As the record on appeal does not include a report of proceedings, we have little information as to what occurred at any court date, particularly at the August 5 hearing, the August 13 trial date, and the hearing on James's motion to vacate. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Therefore, "[a]ny doubts which may arise from the incompleteness of the record will be resolved against" James. *Id.* at 392.

¶ 14     James's first argument is that she did not receive proper notice of the August 13 trial date as required by statute and court rule. She argues that "[s]ection 9-106 [of the Code of Civil Procedure] mandates that trial shall not be held earlier than seven days after service of summons, absent waiver" and that Supreme Court Rule 11 "adds three days when service is by mail." She argues that since there is no evidence in the record that James received notice of the trial, "the

circuit court lacked authority to proceed to trial or enter judgment" and the judgment is void.

¶ 15    The authorities cited by James do not provide support for her assertions. Section 9-106 of the Code of Civil Procedure provides rules for pleading and evidence in eviction proceedings, but contains no provision governing the timing or notice of trial. 735 ILCS 5/9-106 (West 2024). Supreme Court Rule 11 provides general rules of service for documents other than the complaint. Ill. Sup. Ct. R. 11 (eff. Oct. 1, 2024). James may be referring to Cook County Circuit Court Rule 10.5(b)(1), which governs the form of summons for eviction complaints and requires that the summons include a statement that "[t]his summons may not be served later than seven (7) days before the trial date." Cook County Cir. Ct. R. 10.5(b)(1) (eff. Jun. 1, 1979).

¶ 16    Regardless of the basis for this alleged requirement, James's argument fails. James was personally served with the eviction complaint and summons on May 10, 2025, and the trial occurred on August 13, 2025, far more than ten days after James was served with summons. Therefore, we reject James's argument that the scheduling of the trial did not comply with statutory requirements or court rules.

¶ 17    James's second argument is she did not receive notice of the August 13 trial date, denying her due process under the Illinois and United States Constitutions. "A procedural due process claim challenges the constitutionality of specific procedures used to deny a person's life, liberty, or property." *In re M.A.*, 2015 IL 118049, ¶ 35. "The fundamental requirements of due process are notice of the proceeding and an opportunity to present any objections." *Id.* In an eviction action, "due process requires that the underlying possession claim be resolved in conformance with the procedural requirements of trial, summary judgment, or judgment on the pleadings." *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 611 (2007). "A procedural due process claim

presents a legal question subject to *de novo* review." *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 201 (2009).

¶ 18 James does not develop this argument in her brief, stating only that the failure to notify her of trial deprived her of notice and an opportunity to be heard. In an affidavit submitted in support of her motion to vacate, she asserted that she did not receive mailed notice of the August 13 trial date until after the trial date had already passed. Even taking this assertion as true, we cannot find that James's due process rights were violated.

¶ 19 "It has long been held that once a court acquires jurisdiction, it is the duty of litigants to follow their case." *Esczuk v. Chicago Transit Authority*, 39 Ill. 2d 464, 467 (1968). See also *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 226-27 (1986). The record reflects that James failed to follow her own case. James was served and filed an appearance in July 2025 as well as various motions. She appeared in court at least once, in June 2025. James was aware of the August 5 court hearing because, on August 1, she scheduled her motion to dismiss for presentment on August 5, but then failed to appear. While James asserts in her brief she missed court due to a "work conflict," no such excuse appears in the record. Even if James had a work conflict, she had an obligation to follow her own case and to learn the next court date. James then filed a motion seeking to "vacate judgment against [her]," from that August 5 date, but she did not follow up to determine what actually occurred on August 5, including whether a judgment was entered or if the case was continued and if so, to what date.

¶ 20 Additionally, the lack of a transcript of the August 13 trial hampers our review. We must presume that the court was satisfied that James had received notice. See *Foutch*, 99 Ill. 2d at 391-92. Based on the record before this court, we cannot find that James's due process rights were

violated.

¶ 21    James next argues that the circuit court abused its discretion by denying her motion to vacate the August 13 judgment. Section 12-1301(e) of the Code of Civil Procedure states that "[t]he court may … on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/12-1301(e) (West 2024). There is a liberal policy in favor of vacating defaults under section 2-1301(e). *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 16. The main consideration is "whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits." *In re Haley D.*, 2011 IL 110886, ¶ 57.  "In determining whether substantial justice is being done under section 2-1301, a court should consider all the events leading up to the judgment."  *Wolkowitz v. Jamison*, 2024 IL App (1st) 230455, ¶ 39. **"**What is just and proper must be determined by the facts of each case and not by a hard and fast rule that is applicable to all cases, regardless of outcome. Relevant considerations include the diligence or lack thereof by the movant and the relevant hardships on the parties from granting or denying the motion." *Id.*

¶ 22    The decision of whether to grant or deny a motion to vacate is within the discretion of the circuit court and will not be reversed absent an abuse of that discretion. *Glover v. Fitch*, 2015 IL App (1st) 130827, ¶ 29. An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful or unreasonable or where "no reasonable person would take the position adopted by" the circuit court. *Id.*

¶ 23    James's main argument is that her motion to vacate should have been granted because she had a meritorious defense to the eviction complaint. However, the issue is "whether or not

substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits." *In re Haley D.*, 2011 IL 110886, ¶ 57.

¶ 24 Here, the record establishes that the trial court already held a trial on the merits. Section 9-109 of the Code of Civil Procedure provides that if a defendant to an eviction complaint who is duly summoned does not appear for trial, the trial may proceed *ex parte* without a jury. 735 ILCS 5/9-109 (West 2024). The court's order on August 13 stated that Habitat Co. and their witnesses, including the minor victim, were in court and James was not present. The court noted that a default judgment was entered because defendants were not in court "on trial date." In Habitat Co.'s response to James's motion to stay the judgment, it stated that it had a "full trial" in which it presented evidence and testimony at the August 13 trial, including testimony from the victim of the alleged robbery. James does not refute any of these statements and in fact, in her appellant's brief, acknowledges that the trial court conducted a bench trial on August 13. Because the circuit court held a trial on the merits, it would be unreasonable to vacate the judgment and require Habitat Co. to go to trial again. See *Wolkowitz*, 2024 IL App (1st) 230455, ¶¶ 38, 45-46 (affirming denial of motion to vacate when record indicated that a trial on the merits had occurred when defendant did not appear).

¶ 25 Since it is James's burden to furnish this court with a complete record, we must construe any ambiguity in the record against James. See *Foutch*, 99 Ill. 2d at 391-92. We also have no record of the circuit court's reasoning when it denied James's motion to vacate, which is key to evaluating whether the court abused its discretion. See *Dockery v. Guthrie*, 2025 IL App (1st) 242310-U, ¶¶ 31-36 (affirming denial of motion to vacate eviction when record did not include

transcript of trial date or hearing on motion to vacate); *Alpha School Bus Co., Inc. v. Wagner*, 391 Ill. App. 3d 722, 749 (2009) (rejecting claim of error when appellate court had "no transcript of [the] hearing in order to evaluate whether the trial court committed a clear abuse of discretion.").

¶ 26    We cannot find, based on the record before this court, that no reasonable court would have taken the position adopted by the circuit court when it denied James's motion to vacate. See *Glover*, 2015 IL App (1st) 130827, ¶ 29. Therefore, we must affirm the judgment of the circuit court.

¶ 27    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 28    Affirmed.